## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**CRETCHEN RAMOS-CALDERO**,
    Plaintiffs,

    v.

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION**,
    Defendant.

Civil No. 17-2355 (BJM)

## OPINION AND ORDER

The Acting Commissioner of the Social Security Administration ("the government") moves to dismiss Cretchen Ramos-Caldero's ("Ramos") complaint for judicial review. Dkt. 22. An Administrative Law Judge denied Ramos's appeal request on November 3, 2015, and the government contends that the instant complaint is time-barred. *Id.* Ramos opposes the motion. Dkt. 26. The case is before me on consent of the parties. Dkt. 13.

For the following reasons, the government's motion is **GRANTED.**

## APPLICABLE STANDARDS

To survive a Rule 12(b)(6) motion, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). A court must "accept well-pled factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor." *Miss. Pub. Emps.' Ret. Sys. v. Bos. Sci. Corp.*, 523 F.3d 75, 85 (1st Cir. 2008). While a complaint need not contain detailed factual allegations to survive dismissal, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted). The court also need not accept as true legal conclusions or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal alteration omitted); *Maldonado v. Fontanes*, 568 F.3d 263, 267 (1st Cir. 2009). The plaintiff must show more than the "sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

On a Rule 12(b)(6) motion, the court "can consider (a) implications from documents attached to or fairly incorporated into the [counter]complaint, (b) facts susceptible to judicial notice, and (c) concessions in [the complainant's] response to the motion to dismiss." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (quoting *Arturet-Velez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005)) (internal quotations omitted); *Watterson v. Paige*, 987 F.2d 1, 3 (1st Cir. 1993).

## BACKGROUND

Ramos became disabled in February 2003. Dkt. 1 ("Compl.") ¶ 4. She attended two years of technical college and neither speaks nor writes English. Compl. ¶ 6. Ramos filed an application for social security benefits on November 8, 2012. *Id.* at ¶ 9. She was denied and requested a hearing before an Administrative Law Judge ("ALJ") in May 2013. *Id.* at ¶ 10. The ALJ determined that she did not qualify for benefits, and the Appeals Council subsequently denied her request to appeal on November 3, 2015. *Id.* at ¶ 14.

Ramos then filed a civil action on December 30, 2015. *Id.*; *see* Civil No. 15-3171 (ADC). She represented herself with the aid of a pro se manual. Dkt. 26 ¶ 8. Ultimately, Ramos requested a voluntary dismissal to obtain counsel. Compl. ¶ 11; Dkt. 26 ¶ 10. The court dismissed the case without prejudice on July 17, 2017.

Ramos filed the instant case on December 12, 2017. Compl. Now represented by counsel, she claims that the court did not adequately warn her that the statute of limitations could affect her cause of action. Dkt. 26 ¶ 12. Ramos states that she retained counsel the same day she filed the Complaint in this case. Dkt. 26 ¶ 14.

## DISCUSSION

Congress intended social security claims to be adjudicated and reviewed in a manner "unusually protective" of claimants. *Heckler v. Day*, 467 U.S. 104, 106 (1984). After notice of a

final decision by the Commissioner of Social Security, an individual has sixty days to file a civil action. 42 U.S.C. § 405(g). Notice is presumed to be five days after the decision is made, but the individual may rebut that assumption with a showing to the contrary. 20 CFR § 422.210(c). Ramos does not address when she received notice of the November 3, 2015 denial, so it can be assumed that she received notice on November 8 and the statute of limitations began to run. *See* Compl.; Dkt. 26. Her first civil action was timely filed in this district on December 30, 2015, with eight days remaining before the statute of limitations expired.

The government contends that Ramos's second civil action, the instant case, is time-barred regardless of how the court interprets the first civil action. If filing a civil action does not toll the statute of limitations or dismissal without prejudice retroactively restarts it, then Ramos's time expired on January 7, 2016. *See Rodriguez-Garcia v. Municipality of Caguas*, 354 F.3d 91, 93 (1st Cir. 2004) ("The American common law rule is that generally the filing of a prior judicial action does not toll the statute of limitations."). If the civil action tolled the statute of limitations and dismissal without prejudice restarted it, then Ramos's time expired on July 25, 2017. Even if, applying the most generous formulation, dismissal without prejudice restarted the statute of limitations at sixty days, Ramos's time expired on September 15, 2017. Dkt. 22 at 7–8. The parties agree that Ramos did not timely file the instant case, yet Ramos argues that equitable tolling should apply. *See* Dkt. 26 ¶¶ 24–25.

The Commissioner may extend the time in which an individual may file a civil action "upon a showing of good cause." 20 CFR § 422.210(c); *see also Bowen v. City of New York*, 476 U.S. 467, 480 (1986). The statute of limitations and the possibility of tolling balance Congress's strong interest in protecting individuals while maintaining efficiency. *Bowen*, 476 U.S. at 482. There is no such extension or showing on the record. Equitable tolling is reserved for exceptional cases, so the proponent bears the burden of showing that the doctrine applies. *Borgos-Taboas v. Hima San Pablo Hosp. Bayamon*, 832 F. Supp. 2d 121, 125 (D.P.R. 2011). A court generally considers five factors to guide its decision: "'(1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a

party's opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit.'" *Borgos-Taboas*, 832 F. Supp. at 125 (citing *Jobe v. I.N.S.*, 238 F.3d 96, 100 (1st Cir. 2001)).

Ramos does not address the question of actual or constructive notice, but her timely first civil action indicates that her initial notice of the statute of limitations sufficed then. Instead, Ramos focuses her arguments on the court, and she claims that neither the judge nor the clerk gave "adequate warning" that dismissal of her case would resume the statute of limitations. Dkt. 26 ¶¶ 8, 27–28, 33. Ramos implies that her limited education and lack of English skills affected her delay. But Ramos, who attended two years of technical college, was able to file a civil action in federal court, which conducts itself in English. She does not allege that she was unable to read any of the documentation from the Social Security Administration, the ALJ, or the district court. The court, however, has "no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out." *Martinez v. Court of Appeal*, 528 U.S. 152, 162 (2000). Her sole contention supporting her lengthy delay is the impact of Hurricane María, which left her without power until December 2018. Dkt. 26 ¶ 13. While María did strike Puerto Rico with devastating impact on September 20, the statute of limitations expired five days before María and three days before this court suspended operations in anticipation of the storm. *See* Notice from the Clerk No. 17-10, *Court to Close Due to Imminent Passage of Hurricane Maria*, District of Puerto Rico (Sept. 18, 2017). Furthermore, the hurricane would not have affected Ramos's knowledge of the time limit, so it has no bearing on the reasonableness of her untimely filing.

An individual who exercises due diligence in pursuit of their rights may qualify for equitable tolling. Ramos does not allege that she had difficulty obtaining counsel or procuring legal materials between the dismissal and her second civil action. She does not address what she did during that period, and there is no evidence that she exercised due diligence during that period to obtain counsel and re-file her claim. Even accounting for Hurricane María's impact on communications and daily life in Puerto Rico between September 20 and December 12, 2017, Ramos leaves open the question of what, if any, effort she made between the dismissal of her case

and the hurricane. *See De Oliveira v. Astrue*, Civil No. 10-11905, 2011 WL 7099971, at *14 (D. Mass. Aug. 1, 2011, report and recommendation adopted by 2012 WL 245238, at *1 (D. Mass, Jan. 25, 2012) (granting motion to dismiss where plaintiff failed to allege due diligence and filed claim almost five months after deadline).

Finally, Ramos has made no argument as to the potential prejudice this untimely action may cause the government, which is equally silent on the issue. The statute of limitations exists to promote efficiency and quick resolution of appeals "due to the vast number of civil actions filed." *De Oliveira*, 2011 WL 7099971, at *14 (citing *Bowen*, 476 U.S. at 481). Equitably tolling a complaint filed to so long after the end of the statute of limitations would undermine this congressional purpose and possibly increase the number of challenges to the Commissioner's tolling decisions. *Id.*

Where the five factors do not apply to the claimant, the court must turn to the general principles of equitable tolling. *De Oliveira*, 2011 WL 7099971, at *11. Equitable tolling is reserved for exceptional circumstances where the claimant satisfied her burden of exercising reasonable due diligence in pursuing her claim. *Id.* (citing *Muldoon v. Astrue*, 590 F. Supp. 2d 188, 194–95 (D. Mass. 2008)). Hurricane María would not have prevented Ramos from pursuing her claim because it made landfall after the statute of limitations had expired. Ramos raises other arguments that she did not include in her Complaint. See Dkt. 26 ¶¶ 37–38, 41. Those arguments, alleging flaws with the administrative proceedings themselves do not address her delay in pursuing her claim, and so they do not support equitable tolling in this case.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of April, 2019.

S/ *Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge